# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAYMOND SERIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16 CV 763 SMY/RJD |
| | ) |
| PAM WESTERMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Before the Court are several pending motions from the parties. (Docs. 16, 20, 23, 24, 25.) Plaintiff is an inmate with the Illinois Department of Corrections. On July 8, 2016, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. (Doc. 1.) On September 1, 2017, the Court screened Plaintiff's first amended complaint. (Doc. 31.) Plaintiff now proceeds with the following claims:

**Count 1:** Defendant Doe violated Plaintiff's First Amendment rights by retaliating against Plaintiff for filing grievances by denying Plaintiff access to his personal property.

**Count 2:** Defendant Westerman violated Plaintiff's rights under the First Amendment and Eighth Amendment by retaliating against Plaintiff for filing grievances by threatening him and arranging an assault on Plaintiff.

**Count 3:** Defendant Mullholland violated Plaintiff's rights under the First Amendment and Eighth Amendment by retaliating against Plaintiff for filing grievances by assaulting him and confiscating or destroying his personal property.

**Count 4:** Defendant Butler violated Plaintiff's rights under the First Amendment by turning a blind eye to the misconduct of Defendants Doe.

**Count 6:** State law claim for replevin under 735 ILCS § 5/19-101, et seq., against Defendants Doe and Butler for the return of confiscated property.

**Count 7:** State law claim for battery against Defendant Mullholland in connection with his alleged assault of Plaintiff.

> **Count 8:** State law claim of intentional infliction of emotional distress against Defendants Doe, Westerman, Butler, and Mullholland.

(Doc. 31.)

On December 14, 2016, the Court entered a scheduling order. (Doc. 19.) On December 19, 2016, Plaintiff moved to stay proceedings pending an order on his motion for leave to amend and his motion to reconsider the ruling on the motion for appointment of counsel. (Doc. 20.) As of the entry of this Order, Plaintiff's motion for leave to amend and motion to reconsider are resolved. Accordingly, Plaintiff's motion to stay proceedings is denied. In the same motion, Plaintiff also requests that the Court not dismiss his case based on his failure to pay the partial filing fee due to his inability to pay. On July 21, 2016, the Court assessed an initial partial filing fee of $1.67 and directed the agency having custody of Plaintiff to forward the fee to the Clerk of Court. (Doc. 5.) The Court subsequently issued an order, stating, "The initial partial filing fee assessed to Plaintiff must be forwarded to the Clerk of Court by February 14, 2017." (Doc. 19.) Because Plaintiff has demonstrated that he currently lacks the funds to pay the fee, the Court clarifies that it has no intention of dismissing Plaintiff's case for failure to pay the fee at this time. *See Sultan v. Fenoglio*, 775 F.3d 888, 890 (7th Cir. 2015).

On April 14, 2017, Defendant Mullholland moved for an extension of time to file dispositive motions on the issue of exhaustion of administrative remedies. (Doc. 25.) Defendant states that Plaintiff has refused to respond to related discovery requests, citing the pendency of his motions, and Defendant also moves to compel Plaintiff's discovery responses. (Doc. 24.) Defendant's motions are granted. Plaintiff shall respond to Defendant's discovery requests by **October 5, 2017**. An amended scheduling order will issue separately.

## Recruitment of Counsel

Plaintiff moves for the Court to reconsider the decision denying Plaintiff's motion for recruitment of counsel.[1] (Doc. 16.) Plaintiff reiterates that he cannot litigate this case because he has difficulties with reading comprehension; he has no understanding of the law; he has received assistance from another prisoner with all of his filings in this case; and that his mental health also inhibits his ability to litigate.

On July 13, 2016, Plaintiff moved for recruitment of counsel. (Doc. 4.) On November 22, 2016, the Court denied the motion for recruitment of counsel, reasoning that it was too early to determine Plaintiff's ability to litigate the case. (Doc. 15.) The Court advised Plaintiff to refile the motion after Defendant Mullholland filed an answer. (*Id.*) Instead, on November 29, 2016, Plaintiff filed the instant motion to reconsider. (Doc. 16.) This case is currently in the exhaustion stage in which the Court will determine whether Plaintiff properly completed the grievance process with respect to his claims or was prevented from doing so.

When presented with a motion for recruitment of counsel, the Court must consider the movant's ability to litigate the case. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Upon review of Plaintiff's litigation history, it appears that Plaintiff frequently uses "by and through" language in the introductory section of his court filings to identify the author of the document. For instance, with respect to the instant motion, Plaintiff states, "Now comes Plaintiff Raymond Serio, by and through himself, with extensive help from another prisoner . . . " (Doc. 16.) Additionally, in another motion to reconsider, Plaintiff states, "Now comes Plaintiff Raymond Serio, by and through himself with the help of Jay Jay another prisoner . . ." *Serio v. Quinn*, 15-cv-3177-SLD, Doc. 10., (C.D. Ill. 2015). By contrast, Plaintiff has also recently filed substantive

---

[1] Plaintiff titles the motion as an "Objection to Magistrate's Decision and Motion to Reconsider." The undersigned construes the motion as a motion for the undersigned to reconsider the prior ruling rather than an objection to a report and recommendation or an appeal of magistrate judge directed to the presiding district judge.

motions simply "by and through himself," including a motion to intervene and a motion to reconsider a denial of injunctive relief, indicating that he personally drafted the motions. *Lippert v. Ghosh*, 1:10-cv-4603, Doc. 386 (N.D. Ill. 2015); *Serio v. Butler*, 3:15-cv-01203-MJR, Doc. 11 (S.D. Ill. 2015). Plaintiff has also filed correspondence and grievances, apparently drafted by Plaintiff, as exhibits to motions. *Serio v. Butler*, 3:15-cv-01203-MJR, Doc. 11 at 4-20 (S.D. Ill. 2015). Taken together, Plaintiff's court filings severely undermine the allegations regarding his ability to read and understand the law.

Even assuming that Plaintiff had assistance with drafting each of the aforementioned documents, Plaintiff's filings suggest that Plaintiff understates his ability to read and understand the law. For instance, in his complaint, Plaintiff alleges that he quoted rules, cited policy, and asserted privilege – all within a single conversation with a property officer – and alleges that he sent numerous grievances and letters to Warden Butler. (Doc. 1.) Additionally, Plaintiff has filed a motion for injunctive relief to preserve evidence for future litigation and a motion to intervene in another inmate's case to obtain documents for his own case. *Lippert v. Ghosh*, 1:10-cv-4603, Doc. 386 (N.D. Ill. 2015); *Serio v. Butler*, 3:15-cv-01203-MJR, Doc. 1 (S.D. Ill. 2015). Even if Plaintiff received assistance with drafting such motions, Plaintiff's recognition of these evidentiary issues and monitoring of another inmate's case indicates that Plaintiff is able to read and understand the law.

Plaintiff also requests the recruitment of counsel due to anticipated difficulties with gathering evidence, discovery disputes, and access to the law library. If Plaintiff cannot informally resolve a discovery dispute or requires additional time for legal research, Plaintiff is encouraged to file a motion with the Court.

In sum, the Court finds that Plaintiff is capable of litigating the case at this time. Accordingly, Plaintiff's motion to reconsider the ruling on the motion for recruitment of counsel is denied.

**CONCLUSION**

It is hereby ORDERED that Plaintiff's Motion to Reconsider the Order on the Motion for Recruitment of Counsel (Doc. 16) is DENIED. Plaintiff may refile a motion for recruitment of counsel following the resolution of the exhaustion issue. Plaintiff's Motion for a Hearing or a Ruling on the Motion to Reconsider (Doc. 23) is DENIED. It is further ORDERED that Plaintiff's Motion to Stay (Doc. 20) is DENIED.

It is further ORDERED that Defendant's Motion for an Extension of Time (Doc. 24) and Motion to Compel (Doc. 25) are GRANTED. Plaintiff shall respond to Defendant's discovery requests by **October 5, 2017**. An amended scheduling order will issue separately.

**SO ORDERED.**

**DATED: September 6, 2017**    *s/    Reona J. Daly*
                                **UNITED STATES MAGISTRATE JUDGE**